Yang Jian v. Garland

BIA
Wright, IJ
A208 994 765

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of March, two thousand twenty-four.

PRESENT:
>JOHN M. WALKER, JR.,
>GUIDO CALABRESI,
>RICHARD J. SULLIVAN,
>*Circuit Judges.*

_____

YANG JIAN,
>*Petitioner,*

v.                                                     **21-6418**
                                                       **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER: Zhiyuan Qian, Esq., New York, NY.
FOR RESPONDENT: Brian Boynton, Principal Deputy Assistant

Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yang Jian, a native and citizen of the People's Republic of China, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yang Jian*, No. A 208 994 765 (B.I.A. July 28, 2021), *aff'g* No. A 208 994 765 (Immigr. Ct. N.Y.C. Sept. 11, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA adopted the IJ's decision and emphasized parts of it without rejecting any findings, we review the IJ's decision, including the grounds not expressly discussed by the BIA.[1] *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). We review factual findings for substantial evidence, and we

---

[1] Jian's assertion that certain aspects of the IJ decision were not affirmed because the BIA did not expressly discuss them is thus incorrect.

review questions of law and the application of fact to law *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." *Id.* § 1158(b)(1)(B)(ii). Accordingly, "an applicant may be generally credible but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available." *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018); *see also Pinel-Gomez v. Garland*, 52 F.4th 523, 529-30 (2d Cir. 2022) (explaining that the agency may find testimony credible but "still decide that the testimony falls short of satisfying the applicant's burden of proof, either because it is unpersuasive or because it d[oes] not include specific facts sufficient to demonstrate that the applicant is a refugee" (citation and quotation marks omitted)). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible

3

testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Before denying a claim solely for failure to provide corroborating evidence, the IJ must, either in his or her decision or otherwise in the record, "(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given." *Wei Sun*, 883 F.3d at 31. We cannot "reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless th[is] court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4)(D).

We see no error in the agency's denial of asylum and withholding of removal for lack of corroboration. First, the agency did not err in requiring corroboration. Jian argues that his testimony was sufficient to satisfy his burden to establish that he was persecuted in China for practicing Christianity and had a well-founded fear of future persecution because he provided adequate detail about being detained and beaten for attending a house church meeting in China, he responded to all questions posed, and he should not be faulted for testifying consistently with his written materials. Those arguments are misplaced because,

as outlined above, an IJ can require corroboration of even credible testimony, and the burden is on the petitioner to introduce corroborating "evidence without prompting from the IJ." *Wei Sun*, 883 F.3d at 31 (quotation marks omitted). Here, the IJ found that the petitioner's testimony, although credible, fell short of satisfying his burden of proof because it "offered very little in the way of . . . details that one would expect from a person, if they really experienced the harm they claim they did." *See* Certified Administrative Record ("CAR") at 36. Having so found, the IJ cannot be faulted for requiring corroboration of the petitioner's testimony.

Second, the IJ identified specific missing evidence that could corroborate Jian's testimony: a letter from the friend who introduced him to Christianity and hosted the house church service that was raided, a letter from Jian's first church in the United States, and testimony from a member of Jian's current church. Jian argues that he was not provided an "explicit" opportunity to explain the absence of that corroborating evidence, Pet.'s Br. 10-13, but, contrary to Jian's argument, he was expressly asked why he did not have a letter from the friend in China.[2] *See*

_____

[2] Although the record shows that the government — rather than the IJ — initially pointed to the missing corroborating evidence and gave Jian the opportunity to explain the omission, Jian makes no argument on appeal that this fact requires us to grant his petition.

CAR at 93 (Q: "How come he hasn't submitted a letter to corroborate what you're saying actually happened in China?" . . . A: "I didn't ask him."). Jian's explanations do not compel a conclusion that such a letter was unavailable: he admitted he did not ask his friend for a letter and he acknowledged that they remained in contact and had communicated about two months before the hearing. CAR 92-94. In addition, Jian said that he did not have evidence from his first church in the United States because he was not baptized there; but even if the church authorities would refuse to issue a letter under those circumstances, the record does not compel the conclusion that Jian could not have obtained other evidence to corroborate his attendance, given his testimony that he attended the church for more than a year, knew other people who went there, and did not think to ask one of them for a letter. CAR 107-13. As to his current church, he testified that the pastor declined to appear as a witness, but he did not know why the pastor declined; and even if the pastor were unavailable, Jian testified that he attended the church with four friends, and he had not thought to ask one of them to testify or write a supporting letter. CAR 106-07, 112-13.

Third, the agency reasonably afforded diminished weight to the documentary evidence that Jian provided. "We generally defer to the agency's

evaluation of the weight to be afforded an applicant's documentary evidence."

*Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). The IJ reasonably gave minimal weight to the letter from Jian's father because he was an interested party not available for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (concluding that "the IJ acted within her discretion in according . . . little weight" to letters from the applicant's wife and friend "because the declarants (particularly [the applicant's] wife) were interested parties and neither was available for cross-examination"). Moreover, as the IJ observed, Jian's father was not a witness to the church raid.[3] The IJ also reasonably afforded diminished weight to Jian's fine receipt because he did not have the original, and he did not otherwise testify or present evidence about who created the receipt, how he obtained it, how the copy was made, or whether he attempted to retrieve the original from an attorney he had given it to (and whose name he did not recall). *See* 8 C.F.R. § 1287.6 (directing that official records be evidenced by the official

---

[3] The IJ accurately observed that Jian's father omitted information about treatment of Jian's injuries at home. This omission means that Jian's testimony about requiring and receiving that treatment is uncorroborated; however, we note that omission of such minor treatment is not a strong reason to question the letter's reliability as to the matters it addresses. *Cf. Hong Fei Gao*, 891 F.3d at 81 (finding that omissions of information about minor medical treatment from a corroborating letter bore little weight in evaluating the petitioner's credibility).

publication or a copy attested by an authorized foreign officer); *Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008) (noting that "we afford IJs considerable flexibility in determining the authenticity of . . . documents from the totality of the evidence"). Jian does not meaningfully challenge the weight the agency gave to evidence of his religious practice in the United States.

In sum, the agency did not err in finding that Jian failed to satisfy his burden of proof for asylum because the record does not compel the conclusion that corroboration of the raid and his arrest or of the extent of his church attendance in the United States was unavailable. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1252(b)(4)(B); *Wei Sun*, 883 F.3d at 28. That finding is dispositive of both asylum and withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010). Jian does not separately challenge the agency's denial of his CAT claim.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8